# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BARCLAYS TRUST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NATIN PAUL; WORLD CLASS HOLDING COMPANY, LLC; and WORLD CLASS MANAGEMENT COMPANY, LLC,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00947<br><br>District Judge _____<br><br>**COMPLAINT AND REQUEST FOR ENTRY OF AN AGREED JUDGMENT** |

Plaintiff Barclays Trust (the "Trust"), through counsel, brings this action against Defendants Natin Paul ("Paul"), World Class Holding Company, LLC ("WCHC"), and World Class Management Company, LLC ("WCMC") (collectively "World Class" or "Defendants"), seeking entry of the attached Agreed Judgment between the parties, and alleges as follows:

## INTRODUCTION

1.　　This action arises out of the breach of a pre-litigation Settlement Agreement that was intended by the parties to resolve the Trust's claims that Defendants made fraudulent misrepresentations and breached contractual obligations in connection with a $10,000,000 investment that Defendants solicited from the Trust. According to the clear terms of the Settlement Agreement, Defendants are in default and Defendants are bound not to oppose or challenge, in any way, the entry of the Agreed Judgment in the amount of $10,000,000, plus interest and attorneys' fees not to exceed $10,000. A true and correct copy of the Settlement Agreement and Agreed Judgment are attached as **Exhibit 1**[1] and **Exhibit 2**, respectively.

---

[1] This exhibit has been filed under seal pending resolution of the Trust's Motion to Seal filed with this Complaint.

1

## PARTIES

2. The Trust was established on February 1, 2002 and is governed by the laws of the Commonwealth of Virginia. The Trust's Trustee is a citizen of New York, and its beneficiary is a citizen of Florida.

3. Defendant Natin Paul is a citizen of the State of Texas who is believed to be residing in Austin, Texas with an address c/o World Class Holding Company, LLC, 814 Lavaca Street, Austin, Texas 78701.

4. Paul is the principal and owner of WCHC and the Chairman of WCMC.

5. Defendant WCHC is a Limited Liability Company organized under the laws of the State of Delaware with its principal place of business at 814 Lavaca Street, Austin, Texas 78701. On information and belief, its members are citizens only of the State of Texas.

6. Defendant WCMC is a Limited Liability Company controlled by Paul organized under the laws of the State of Delaware, with its principal place of business at 814 Lavaca Street, Austin, Texas 78701. On information and belief, its members are citizens only of the State of Texas.

7. WCMC serves as the Manager of WCHC.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because the Plaintiff and Defendants are citizens of different states and the amount in controversy well exceeds $75,000.

9. This Court has personal jurisdiction over all Defendants named in this action as each is either a citizen of the State of Texas or maintains its principal place of business in the State of Texas. This Court also maintains personal jurisdiction over all Defendants because this action arises from or relates to activity undertaken by each Defendant in Texas.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because all Defendants are residents of the State of Texas and each Defendant maintains a residence or principal place of business within this District. Venue is also proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims outlined herein occurred within this District.

## **RELEVANT FACTS**

11. In or about November 2017, the Trust invested $10,000,000 to obtain 10,000 Series A Preferred Units issued by WCHC (the "Investment"), which, in turn, rendered the Trust a Preferred Interest Holder in that entity.

12. The Investment was principally documented by a Private Placement Memorandum and the Third Amended and Restated Limited Liability Company Agreement of World Class Holding Company, LLC ("LLC Agreement"), which established the Trust's rights to disbursements and periodic information about the Investment, among other things.

13. It soon became clear that numerous representations and warranties made by the Defendants to secure the Trust's investment were materially false, and World Class could not or would not honor its obligations contained in the Private Placement Memorandum and LLC Agreement.

14. After having engaged in repeated efforts to have World Class honor its obligations, in or about January 2020, the Trust notified Defendants of its intent to pursue claims against them.

15. Pursuant to the LLC Agreement and in an attempt to resolve the Trust's claims, the Parties engaged in nonbinding mediation on March 13, 2020 in Austin, Texas before an agreed upon mediator.

16. Following mediation, the Parties reached a Settlement Agreement, also referred to as a "Side Letter and Agreement," to resolve the Trust's pending claims. *See generally* Ex. 1.

17. The Settlement Agreement provides that "[i]n consideration for the releases and other terms and conditions of the Agreement, World Class shall cause payment to be made to Barclays Trust for the redemption in full of the Units" of WCHC held by the Trust in the amount of $9,584.524.43 (Nine million, five hundred eighty-four thousand, five hundred twenty-four dollars and forty-three cents). *See id.* at § C.1.

18. The amount due to the Trust under the Settlement Agreement was to be paid over the course of five installments, with time being of the essence, on: (i) April 30, 2020 ($584,524.43); July 30, 2020 ($2,250,000); October 30, 2020 ($2,250,000); January 30, 2021 ($2,250,000); and April 30, 2021 ($2,250,000). *See id.*

19. Upon the timely receipt of each installment payment, the Trust's outstanding Units of WCHC were to be redeemed *pro rata* to every installment received after the installment due on April 30, 2020. *See id.*

20. As part of the Settlement Agreement, the Parties executed an Agreed Judgment in the amount of $10,584,524.43 (Ten million, five hundred eighty-four thousand, five hundred twenty-four dollars and forty-three cents) that was to be held in escrow until World Class completed each of the five installment payments owed under the Settlement Agreement. *See id.* at § C.2-4; *see also* Ex. 2.

21. Under the Settlement Agreement, the Trust is entitled to seek enforcement of the Agreed Judgment upon an "Event of Default" by World Class, which was defined as: "(i) a Payment Default; (ii) [a] material impairment in the ability of World Class to make the [installment payments] . . . ; or (iii) . . . a Change of Control [in WCHC or WCMC] as defined on A-3 of the Company Agreement . . . ." *Id.* at § C.4.

22. A "Payment Default" occurs if the Defendants: (i) fail to make the timely payment of any installment; (ii) receive notice of such a failure; and (iii) do not cure their failure to satisfy

payment within 30 days of the notice. In other words, once the Trust notified World Class of a failure to make a timely installment payment, World Class had 30 days to cure the default before being in Payment Default.

23. Following an "Event of Default," World Class waived its right to "oppose or otherwise object to Barclays Trust's efforts to enforce the Agreed Judgment." *Id.*

24. The Settlement Agreement and Agreed Judgment were executed on April 23, 2020.

***World Class Fails to Comply with the Terms of the Settlement Agreement***

25. Under the Settlement Agreement, the first installment payment, in the amount of $584,524.43, was due on or before April 30, 2020, one week after the Settlement Agreement was executed. World Class failed to timely pay the first installment payment.

26. On May 6, 2020, following World Class' failure to timely pay the first installment, the Trust, through counsel, sent World Class a notice of its breach and pending default. A true and correct copy of this notice is attached as **Exhibit 3**.

27. Ultimately, after multiple communications with World Class' counsel and Paul, the Trust received the first installment payment on May 12, 2020.

28. The second installment in the amount of $2,250,000 was due on or before July 30, 2020.

29. To help World Class avoid another late payment, the Trust, through counsel, sent World Class an email on July 14, 2020, two weeks before the July 30, 2020 due date, with a payment reminder. A true and correct copy of the July 14 payment reminder is attached as **Exhibit 4**. World Class did not respond to the July 14 payment reminder.

30. On July 29, 2020, one day before the second installment due date, Leon Medzhibovsky, as the Trust's Trustee, emailed World Class with a second payment reminder. A

5

true and correct copy of the July 29 payment reminder is attached as **Exhibit 5.** The July 29, 2020 payment reminder was similarly ignored by World Class.

31. World Class failed to make the second installment on or before the July 30, 2020, due date.

32. Accordingly, on July 31, 2020, the Trust, through counsel, sent World Class written notice of its breach and pending default. A true and correct copy of this notice is attached as **Exhibit 6.** World Class did not respond to that notice.

33. On August 10, 2020, the Trust, through counsel, sent World Class notice that, in addition to having failed to pay the second installment that was due on or before July 30, 2020, the Trust interpreted World Class's actions (including its repeated failure to respond to communications) as demonstrating that "an independent Event of Default [existed] based on a 'material impairment in the ability of World Class to make the Payments' as set forth in Section A.8" the Settlement Agreement. A true and correct copy of this notice is attached as **Exhibit 7**.

34. The August 10, 2020 notice also notified World Class that the Trust intended to enforce the Agreed Judgment on August 12, 2020, unless World Class paid the outstanding amount or made an unqualified representation and warranty that it would cure the default related to the second installment within the cure period (*i.e.*, on or before August 30, 2020) and that no events have occurred that would otherwise constitute an Event of Default. *Id.*

35. On August 11, 2020, counsel for World Class sent an email acknowledging receipt of the August 10, 2020 default notice, and further represented that "[t]his correspondence is to confirm that World Class does intend to make [the second installment payment] on or prior to the Cure Date [August 30, 2020]. Further, there has been no other Event of Default under the Settlement Agreement that would give rise to [the Trust's] ability to file the Agreed Judgment at this time." Accordingly, counsel for World Class implicitly acknowledged that the Trust would

have the right to enforce the Agreed Judgment if World Class did not cure the default "prior to August 30, 2020" and staved off the Trust seeking to enforce the Agreed Judgment by saying that it would make the second installment payment before August 30, 2020. A true and correct copy of the August 11, 2020 email is attached as **Exhibit 8**.

36. On August 12, 2020, the Trust, through counsel, informed counsel for World Class by email that it would refrain from filing to enforce the Agreed Judgment at that time in reliance on counsel's representations. A true and correct copy of this email is attached **Exhibit 9**.

37. Contrary to the representations and warranty from World Class's counsel that it would cure the payment default by August 30, 2020, and that no other Event of Default had occurred, World Class failed to pay the Trust the second installment in the amount of $2,250,000 by the end of the cure period of August 30, 2020.

38. To this day, World Class has failed to pay the July 30, 2020 installment and has failed to cure the default. The cure period has lapsed and an Event of Default has occurred under the Settlement Agreement.

## NATURE OF THE CLAIMS

39. Claimant repeats and incorporates the preceding paragraphs of this Complaint as if set forth into the following Count at length.

## COUNT I
### Breach of the Settlement Agreement
### (Against All Defendants)

40. The Parties entered a Settlement Agreement on or about April 23, 2020 to resolve pending claims by the Trust that Defendants had made fraudulent misrepresentations and breached contractual provisions of the agreement that governed the Trust's $10,000,000 investment in WCHC.

41. That Settlement Agreement required Defendants to complete five installment payments to the Trust as follows, with time being of the essence: (i) April 30, 2020 ($584,524.43); July 30, 2020 ($2,250,000); October 30, 2020 ($2,250,000); January 30, 2021 ($2,250,000); and April 30, 2021 ($2,250,000).

42. In consideration for the five installment payments, the Trust agreed to the terms outlined in the Settlement Agreement and to redeem its Units of WCHC *pro rata*.

43. Defendants failed to pay the second installment in the amount of $2,250,000 that was due on July 30, 2020.

44. World Class has not cured the default caused by the failure to pay the second installment, for which the Trust provided notice on July 31, 2020, prompting a cure period that lapsed on August 30, 2020.

45. Defendants failure to complete payment of the second installment or cure the default has caused an Event of Default based on Payment Default, which entitles the Trust to enforce the Agreed Judgment.

46. World Class's course of conduct also demonstrates an independent Event of Default based on a material impairment in the ability of World Class to make the payments as set forth in Section A.8 of the Settlement Agreement.

47. As a result of these two independent Events of Default, the Trust has the right under the Settlement Agreement to enforce the Agreed Judgment in the amount of $10,584,524.43 less the amount of any payments made to Plaintiff pursuant to the Settlement Agreement, plus interest and attorneys' fees up to $10,000.

48. World Class has waived its right to oppose entry of the Agreed Judgment or otherwise object to its enforcement.

## PRAYER FOR RELIEF

WHEREFORE, the Trust respectfully request that the Court: (i) enter the Agreed Judgment in the amount of $10,000,000 (*e.g.*, the Agreed Judgement amount of $10,584,524.43 less the amount of a prior payment of $584,524.43); (ii) appoint a Receiver under Federal Rule of Civil Procedure 66 to facilitate the enforcement of the Agreed Judgment; (iii) award reasonable attorneys' fees up to $10,000, costs and expenses; (iv) award any other relief as the Court deems just and appropriate.

Respectfully Submitted,

**DLA PIPER LLP (US)**

Date: September 14, 2020

*/s/ Brett Solberg*
Brett Solberg
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
T: 713.425.8482
F: 713.300.6082
brett.solberg@dlapiper.com

Jonathan W. Haray (*Pro Hac Vice Pending*)
500 Eighth Street, NW
Washington, DC 20004
T: 202.799.4350
F: 202.799.5340
jonathan.haray@dlapiper.com

Courtney Gilligan Saleski (*Pro Hac Vice Pending*)
Timothy Pfenninger (*Pro Hac Vice Pending*)
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
T: 215.656.2431
F: 215.656.5340
courtney.saleski@dlapiper.com
timothy.pfenninger@dlapiper.com

*Attorneys for Claimant Barclays Trust*