IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BARCLAYS TRUST, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-947-RP |
| NATIN PAUL, WORLD CLASS HOLDING COMPANY LLC, and WORLD CLASS MANAGEMENT COMPANY, LLC., | § § § § § | |
| Defendants. | § § | |

# ORDER

Before the Court is Plaintiff Barclays Trust's ("Plaintiff") motion to file an exhibit under seal. (Mot. Seal, Dkt. 2). Specifically, Plaintiff seeks to file as an exhibit to their Complaint, (Dkt. 1), the pre-litigation Settlement Agreement between the parties. Plaintiff's sole argument for sealing the exhibit is "out of an abundance of caution" should "Defendants assert that the full Settlement Agreement should not be publicly disclosed" (Dkt. 2, at 1). Defendants have not responded to this motion. For the reasons discussed below, the Court denies Plaintiff's motion to file exhibits under seal.

Generally, the public has a right to inspect judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system." *Bradley on behalf of AJW v. Ackal*, No. 18-31052, 2020 WL 1329658, at *4 (5th Cir. Mar. 23, 2020) (citing *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017)).

This right is not absolute and the "common law merely establishes a presumption of public access to judicial records." *Id.* (citing *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). The Fifth Circuit has neither assigned a particular weight to this presumption nor interpreted the presumption in favor of access as creating a burden of proof. *Bradley*, 2020 WL 1329658, at *4. But in light of the public's right to access judicial records, courts are required to "use caution in exercising [their] discretion to place records under seal." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689–90 (5th Cir. 2010) (citing *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Bradley*, 2020 WL 1329658, at *4 (citing *Van Waeyenberghe*, 990 F.2d at 848). "The presumption however gauged in favor of public access to judicial records is one of the interests to be weighed on the public's side of the scales." *Id.* (cleaned up).

"Not every document, however, is a judicial record subject to the common law right of access." *Id.* at *5. "[S]ealing may be appropriate where orders incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015). In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children," *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), or those in which information could be used for "scandalous or libelous purposes," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), the interest in secrecy is compelling. But when the party seeking leave to file under seal "does not identify any particular confidential information in the orders that may cause it harm, and much of the information therein is available elsewhere," sealing is generally unwarranted. *N. Cypress*, 781 F.3d at 204; *see also Powers v. Duff & Phelps, LLC*, No. 1:13-CV-768, 2015 WL 1758079, at *7–8 (W.D. Tex. Apr. 17, 2015) ("[T]he parties' decision to designate documents as confidential does not mandate

that the Court seal the record. The standard for sealing court documents is more stringent than [the] standard for protecting discovery materials under a protective order."). "[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (citing *N. Cypress*, 781 F.3d at 204).

Here, the Court finds that Plaintiff has not asserted sufficient grounds for filing its exhibit under seal. While the exhibits may reasonably be subject to confidentiality provisions in the Western District, "[t]he standard for sealing court documents is more stringent than [the] standard for protecting discovery materials under a protective order." *Powers*, 2015 WL 1758079, at *7; *see also Amazon.com, Inc. v. Corydoras Techs., LLC*, No. 1:19-CV-1095-RP, 2020 WL 1644005, at *2 (W.D. Tex. Apr. 2, 2020).

Plaintiff has not presented any compelling reasons for sealing the exhibit other than that Defendants might object to the Settlement Agreement being publicly disclosed. (Mot. Seal, Dkt. 2, at 2). Plaintiff neither pointed to specific confidential information contained in the exhibit nor shown how, if made public, this information might be harmful. *See N. Cypress*, 781 F.3d at 204 (upholding unsealing when the party seeking to seal did "not identify any particular confidential information in the orders that may cause it harm, and much of the information therein [was] available elsewhere."). Therefore, the Court will deny the motion.

Accordingly, **IT IS ORDERED** that Plaintiff's motion to file an exhibit under seal, (Mot. Seal, Dkt. 2), is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall unseal Plaintiff's motion for leave to file under seal, (Mot. Seal, Dkt. 2).

**SIGNED** on September 23, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE