UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BARCLAYS TRUST,<br><br>               Plaintiff,<br><br>v.<br><br>NATIN PAUL; WORLD CLASS HOLDING COMPANY, LLC; and WORLD CLASS MANAGEMENT COMPANY, LLC,<br><br>               Defendants. | Case No. 20-cv-947<br><br>District Judge Robert Pitman |

**PLAINTIFF BARCLAYS TRUST'S OPPOSITION TO ERIC J. CASSIDY'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

Plaintiff Barclays Trust (the "Trust") submits the following opposition to Eric J. Cassidy's Motion to Withdraw as Counsel for Defendants World Class Holding Company, LLC ("WCHC"), World Class Management Company, LLC ("WCMC"), and Natin Paul:

**BACKGROUND**

1. The current history of this case was recently chronicled for the Court in the Trust's December 31, 2021 Motion to Compel, which the Trust hereby incorporates by reference. *See generally* ECF No. 53.

2. The Trust's Motion to Compel was unopposed, and the Court granted it on January 13, 2022. *See* ECF No. 55. The Court's order required Defendants WCHC and WCMC to search for and produce all documents responsive to the Trust's requests by January 20, 2022. *Id.*

3. The Order also ordered Defendants WCHC and WCMC, and Defendants' counsel, Eric J. Cassidy on behalf of the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP, to pay the Trust "reasonable expenses incurred in making the motion, including attorney's fees." *Id.*

4.      Further, on January 13, 2022, this Court ordered that the final pre-trial conference in this matter would occur on April 1, 2022—17 days before trial was scheduled to begin for claims asserted against Defendant Paul on April 18. *See* ECF Nos. 52, 56.

5.      The following day, the Trust emailed Mr. Cassidy: (a) informing him that the Trust expected to receive the complete production of documents ordered by the Court on or before January 20, 2022; (b) seeking to identify how Mr. Cassidy wished to proceed with the Court's sanction award in favor of the Trust; (c) rescheduling the two Rule 30(b)(6) depositions, which had been postponed at Mr. Cassidy's request, for January 25, 2022; (d) explaining the current value of the entered judgment in consideration of post-judgment interest; and (e) requesting Mr. Cassidy's position on the court-ordered sale of property located at 99 Trinity Street. *See* Exhibit A, 1/14/22 Email from Haray to Cassidy.

6.      Mr. Cassidy did not respond to the Trust's January 14 email.

7.      The Trust first heard from Mr. Cassidy following entry of the January 13 Order on January 18, 2022. At that time, Mr. Cassidy notified counsel for the Trust he would be "filing a motion to withdraw from representing the Defendants in this matter later today," and requested the Trust's position on the motion. *See* Exhibit B, 1/18/22 Email Exchange Between Cassidy and Haray. The Trust promptly noted its objection to the motion.

8.      Contrary to his January 13 email, Mr. Cassidy did not file a motion to withdraw on January 18 or January 19, nor did he respond to the multiple issues the Trust had previously inquired about.

9.      On January 20, 2022—the same day that the Court ordered Defendants WCHC and WCMC to produce all responsive documents to the Trust's discovery requests and two days after Mr. Cassidy committed to file the motion—Mr. Cassidy filed the instant motion to withdraw.

10. In violation of the Court's January 13 Order granting the Motion to Compel, no additional documents were produced on or by January 20, 2022. However, at 10: 30 p.m. CT on January 20, Mr. Cassidy emailed that "he received document from the client. I'll touch case in the morning." *See* Exhibit C, 1/20/22 Email from Cassidy to Haray.

11. On January 21, 2021, Mr. Cassidy sent an email attaching an additional document. Thus, as of the time of this filing, Defendants have produced one document and remain unquestionably in violation of the Court's January 13 Order.

## ARGUMENT

12. An attorney may not withdraw from a representation absent "leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1988). Even if good cause is established, however, "it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981). "Therefore, in assessing whether counsel has good cause to resign, federal courts look to multiple factors." *See Dorsey v. Portfolio Equities, Inc.*, No. 04-0472, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008) (citing *Broughten*, 623 F.2d at 882). "Premier among these factors are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice." *Id.*

13. Against that backdrop, Mr. Cassidy should not be permitted to withdraw for at least three reasons.

14. First, this case—which consists of straightforward claims related to the simple enforcement of a settlement agreement—has been pending for over 16 months. Defendants have taken every opportunity to delay the timely resolution of this action. Mr. Cassidy's withdrawal threatens to further delay the resolution of this matter. If the Court permitted Mr. Cassidy's

withdrawal, it would undoubtedly cause significant and prejudicial delay—impeding the Trust's efforts to execute the August 5, 2021 judgment against WCHC and WCMC and likely delaying the trial that is scheduled for April 18, 2022 to resolve the pending claim against Mr. Paul. Accordingly, Mr. Cassidy's request should be denied. *See, e.g.*, *GDC Technics, Ltd. v. Grace*, No. 15-488, 2017 WL 11025406, at *1 (W.D. Tex. Feb. 10, 2017) (denying motion to withdraw, after Judge Pitman had scheduled a trial, recognizing that withdraw at that late stage would "unquestionably result in a significant delay with respect to trial and cause substantial prejudice to [p]laintiff.").

15. Second, Mr. Cassidy has provided no basis for the Trust or the Court to assess whether good cause exists to permit withdraw. Rather, in rote form, Mr. Cassidy asserts only that he and his clients have differences of opinion concerning "case strategy" and "the attorney/client relationship." To the extent Mr. Cassidy's concerns relate to the fact that his clients—despite operating a business purportedly worth more than $1 billion—have refused to pay the pending $10,000,000 judgment or comply in good faith in post-judgment discovery, he has known about both for months. *See generally* ECF No. 53 (summarizing the current posture of this matter). He should not be permitted to now rely on those concerns to delay these proceedings. *Brian Whiteside & Autoficio, LLC v. Cimble Corp.*, No. 17-404, 2020 WL 3064457, at *2 (denying motion to withdraw where "[c]ounsel contributed to the potential disruption and delay of [a] case by waiting to file the [m]otion" years after knowing of the basis for withdrawal).

16. Third, Mr. Cassidy suggests that his clients, if they so choose, may proceed *pro se*. That is incorrect. Two of his clients are corporate entities. The "well-settled rule of law [is] that a corporation cannot appear in federal court unless represented by a licensed attorney." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Rowland v. Cal. Men's Colony*, 506

U.S. 194, 202 (1993)). While Mr. Cassidy suggests that the Court can order his clients to retain new counsel, there is no reason to believe his clients would or could comply. They have already flouted this Court's orders and have now—if Mr. Cassidy is permitted to withdraw—*gone through two different counsel*. There is no basis to suggest that (even if Defendants wished to comply with an order requiring the retention of new counsel) Defendants could find counsel willing to take this case: a case where liability is admitted as to all Defendants and Defendants continue to engage in sanctionable conduct.

17. To the extent this Court grants Mr. Cassidy's Motion, it should do so only after Mr. Cassidy and his law firm, Curtis, Mallet-Prevost, Colt & Mosle LLP, satisfy the pending sanctions award. *See* ECF No. 55.

## **CONCLUSION**

For the reasons stated above, Plaintiff Barclays Trust respectfully requests that the Court deny Mr. Cassidy's Motion to Withdraw.

Respectfully submitted,
**DLA PIPER LLP (US)**

/s/ *Jonathan Haray*
Brett Solberg
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
T: 713.425.8482
F: 713.300.6082
brett.solberg@dlapiper.com

Jonathan W. Haray (*Pro Hac Vice*)
500 Eighth Street, NW
Washington, DC 20004
T: 202.799.4350
F: 202.799.5340
jonathan.haray@dlapiper.com

Courtney Gilligan Saleski (*Pro Hac Vice*)
Timothy Pfenninger (*Pro Hac Vice*)
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
T: 215.656.2431
F: 215.656.5340
courtney.saleski@dlapiper.com
timothy.pfenninger@dlapiper.com

*Attorneys for Plaintiff Barclays Trust*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 21, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

                                              */s/ Brett Solberg*
                                              Brett Solberg