IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BARCLAYS TRUST,<br>    Plaintiff,<br><br>v.<br><br>NATIN PAUL, WORLD CLASS<br>HOLDING COMPANY, LLC, AND<br>WORLD CLASSS MANAGEMENT<br>COMPANY, LLC,<br>    Defendants. | §<br>§<br>§<br>§<br>§  A-20-CV-947-RP<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before the court is Attorney Eric J. Cassidy's Opposed Motion to Withdraw as Counsel for Defendants ("the Motion") (Dkt. #57), Plaintiff Barclays Trust's Opposition to Eric J. Cassidy's Motion to Withdraw as Counsel for Defendants (Dkt. #58), and Defendants' Reply in Support of Attorney Eric J. Cassidy's Motion to Withdraw (Dkt. #60).[1] After reviewing the parties' briefing, the entire record, the relevant case law, and determining that a hearing is not necessary, the court enters the following order.

### I.   BACKGROUND

Attorney Eric J. Cassidy and his firm, Curtis Mallet-Prevost Colt & Mosle LLP ("Counsel") moves to withdraw as attorneys of record for Defendants Natin Paul, World Class Holding Company, LLC ("WCHC") and World Class Management Company, LLC ("WCMC"). The Motion is motivated for what is described as "good cause." Dkt. #57 at 1. Counsel states "[t]he attorneys and clients have differences with respect to case strategy that are unresolved. Additionally, the client and counsel have differences of opinion as to the attorney/client

---

[1] On January 24, 2022, this motion was referred by United States District Judge Robert Pitman, via text order, to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

relationship." *Id.* The Motion notes that Defendant Natin Paul opposes Counsel's effort to withdraw. *Id*. at 2.

Plaintiff opposes Counsel's effort to withdraw for a number of reasons. First, Counsel's withdraw would undoubtedly cause significant and prejudicial delay and interfere with the currently scheduled April 18, 2022 trial. Second, Counsel has not described good cause for his withdrawal. Third, Counsel's assertion that the two corporate defendants may proceed pro se is incorrect in that federal law requires corporate entities to be represented by a licensed attorney.

Counsel's reply brief criticizes Plaintiff for failing to address *Hill Country Indus. v. Planet Wealth Int'l Corp.,* 2020 U.S. LEXIS 98933, *2-3 (W.D. Tex. June 5, 2020), which allowed counsel to withdraw based on irreconcilable differences with his client. Counsel also contends that the Defendants can easily obtain replacement counsel and that Counsel's withdrawal will not otherwise delay any of the proceedings.

## II. ANALYSIS

Counsel's reply brief is inaccurately styled "Defendants Reply in Support of Attorney Eric J. Cassidy's Motion to Withdraw." Counsel's Motion clearly states Defendants do not seek the withdrawal of Counsel. Only Counsel seeks to withdraw from further representation of the Defendants in this matter. The relationship between Defendants and Counsel was forged when Counsel voluntarily entered a notice of appearance on August 16, 2021. Dkt #34. Counsel's appearance was made in conjunction with previous counsel Michael Wynne's effort to withdraw. Dkt. #38. Furthermore, the existence of numerous other court actions involving Defendants was known to Counsel at the time he entered his appearance.

Counsel takes Plaintiff to task for failing to discuss an unpublished District Court opinion that Counsel cited in the Motion. Of course, Counsel failed to provide any analysis of that opinion in his two-page motion to withdraw. Furthermore, Counsel only mentions the existence of

"irreconcilable differences" for the first time in his inaccurately styled reply brief. Counsel cites the existence of differences in case strategy and a difference of opinion on the definition of the attorney-client relationship. The existence of a difference of opinion on case strategy and relationships between an attorney and his or her client occurs with some frequency in the context of federal litigation. Neither represents good cause to withdraw from further representation. Furthermore, Counsel's motion to withdraw does not comply with Local Rule AT-3, which requires the motion to "bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence." *See* W.D. Tex. L.R. AT-3 (available at https://www.txwd.uscourts.gov/court-information/lcr-introduction/).

Counsel has failed to articulate anything approaching good cause in support of his effort to withdraw. Counsel should have thought about case-strategy and relationship definitions before he entered an appearance in this matter. Similarly, Counsel should not have waited until after Plaintiff's Motion to Compel was granted on January 13, 2022, *see* Dkt. #55, and the District Court entered an order the same day setting the matter for a final pretrial conference on April 1, 2022, *see* Dkt. #56.

Attorney Eric J. Cassidy's Opposed Motion to Withdraw as Counsel for Defendants (Dkt. #57) is **DENIED.**

SIGNED February 4, 2022.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE